NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH ARDINO, SAMANTHA ARDINO, KRISTA A. DEFAZIO, SCOTT RICHTER, JAMES HEANEY, and PHILLIP MAZZUCO, on behalf of themselves and all others similarly situated, | : : : : : : : | |
| Plaintiffs, | : : | Civil Action No. 14-cv-01567 (JAP) |
| v. | : : | OPINION |
| RETROFITNESS, LLC, ABC FINANCIAL SERVICES COMPANY, INC., Z TIMES THREE LLC d/b/a RETROFITNESS OF KENILWORTH, BRITCARIANNA, LLC d/b/a RETROFITNESS-FAIRFIELD, PJ'S FITNESS EXPRESS, INC. d/b/a RETROFITNESS OF BORDENTOWN, PRJ HOLDINGS, LLC d/b/a RETROFITNESS OF WALL, JOHN/JANE DOES 1-100, DEFENDANT RETROFITNESS FRANCHISES 1-75 and XYZ CORPORATIONS 1-10, | : : : : : : : : : : : : : : | |
| Defendants. | : : | |

PISANO, District Judge

Presently before the Court are four (4) motions: (1) Defendants, Z Times Three, LLC, Britcarianna LLC, and PJ's Fitness Express, Inc.'s (collectively referred to as the "Britcarianna Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #8]; (2) Defendant, RetroFitness, LLC's ("RetroFitness") motion to dismiss pursuant to Rule 12(b)(6) or alternatively, to strike Plaintiffs' class allegations [docket #9]; (3) Defendant, ABC Financial Services, Inc.'s ("ABC Financial") motion to dismiss pursuant to Rule 12(b)(6) [docket #10]; and (4) Plaintiffs, Joseph Ardino, Samantha Ardino, Krista Defazio, Scott Richter, James Heaney, and

1

Phillip Mazzuco's (collectively "Plaintiffs") motion to remand this matter to the Law Division of the New Jersey Superior Court, Middlesex County [docket #13]. The parties oppose the respective motions [docket #20, 21]. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons that follow, this Court GRANTS Plaintiffs' motion to remand [docket #13]; and denies all Defendants' motions to dismiss [docket #8, 9, 10], without prejudice, as they are now moot.

**I.     BACKGROUND**

Plaintiff's class action Complaint, received by the Court on March 11, 2014, contains causes of action relating to Defendants' alleged violations of the Health Club Services Act, N.J.S.A. 56:8-39, *et seq*. ("HCSA"), the Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*. ("CFA"), the Retail Installment Sales Act, N.J.S.A. 17:16C-1, *et seq*. ("RISA"), and the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to 18 ("WNA"). The following allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Court's review only.

Plaintiffs filed the Complaint[1] on January 17, 2014, in the Superior Court of New Jersey, Middlesex County, which ABC Financial later removed to this Court. The Complaint names as Defendants RetroFitness, ABC Financial, and four (4) Defendant franchisees, which are separate corporate entities from RetroFitness and each other: Z Times Three, LLC d/b/a RetroFitness of Kenilworth; Britcarianna, LLC, d/b/a RetroFitness Fairfield; PJ's Fitness Express, Inc. d/b/a RetroFitness of Bordentown; and PRJ Holding, LLC d/b/a RetroFitness of Wall (collectively "the franchisees"). See Complaint ("Compl."), ¶¶ 16-23.

---

[1] Together with exhibits, Plaintiff's Complaint is over 70 pages in length; therefore, the discussion of the facts will be limited to only those which are relevant for purposes of the motion(s) currently before the Court.

2

Plaintiffs are identified as "buyers of health club services." Compl., at ¶ 24. RetroFitness is alleged to be a corporation that sells franchises of its health clubs in New Jersey. Compl., at ¶ 25. Plaintiffs allege that RetroFitness, through its franchise agreements "and/or outside vendors which its franchisees are required to use, sets, controls and directs the policies, practices and procedures for all of its franchisees and/or plays an active role in the operations of each" franchisee health club in New Jersey. Compl., at ¶ 27. In essence, Plaintiffs' Complaint alleges that RetroFitness and the Defendant franchisees utilize agreements that do not specifically set forth in a conspicuous manner Plaintiffs' total payment obligation. Specifically, Plaintiffs' allege that the membership agreements charge an "annual rate guarantee fee" that is not included in the total payment obligation; therefore, Plaintiffs' assert that RetroFitness and the Defendant franchisees are misrepresenting the member's payment obligation in violation of various New Jersey state laws.

Defendant ABC Financial is not a franchisee of RetroFitness. Rather, Plaintiffs claim that "ABC Financial is alleged to set, control and direct the policies, practices and procedures related to the billing, cancellation and/or collection policies" used by all New Jersey franchisees of RetroFitness, as well as to play an active role in the billing, cancellation and/or collection policies of such franchisees. Compl., at ¶ 24. Specifically, ABC Financial is responsible for "collect[ing] all membership dues and other fees payable by members of all New Jersey franchisees of RetroFitness, and [ ] ABC Financial is further required to deduct all monies owed by New Jersey franchisees of RetroFitness to RetroFitness and to remit such monies directly to RetroFitness." Compl., at ¶ 25.

RetroFitness and the Defendant franchisees are citizens of New Jersey. See Notice of Removal, at ¶¶ 6-12. ABC Financial, however, is a corporation formed under the laws of the State

of Arkansas and maintains its principal place of business in Sherwood, Arkansas. Compl., at ¶ 17. On March 11, 2014, ABC Financial removed the matter to this Court, asserting that the underlying jurisdictional basis for removal was the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Plaintiffs now move this Court to remand the matter, contending, among other things, that the "local controversy exception" to the CAFA applies. ABC Financial disagrees, and also, along with RetroFitness and the franchisee Defendants, moves to dismiss Plaintiffs' Complaint for failure to state a claim.

## II.   DISCUSSION

### a.   Legal Standard[2]

Generally, the jurisdiction of a district court is limited to two (2) circumstances – when there is "federal question" jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"), and when there is "diversity" jurisdiction under 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" citizens of different and/or foreign states).

Following the passage of CAFA, however, diversity jurisdiction under 28 U.S.C. § 1332 was amended to include the provision that:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A)   any member of a class of plaintiffs is a citizen of a State different from any defendant;

---

[2] The Court will not discuss the legal standard for a Rule 12(b)(6) motion to dismiss because, as set forth in this Opinion, these motions by Defendants' are now moot.

4

>> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). Thus, while CAFA permits removal of class actions where diversity is incomplete, such removal is only proper if the class contains one hundred (100) members or more and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(5)(B) and (d)(6).

Further, CAFA provides for a number of exceptions – some discretionary and some mandatory – to removal jurisdiction. Specifically, 28 U.S.C. § 1332(d)(4) provides for two (2) mandatory exceptions, known as the "local controversy" exception and the "home state" exception:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)—
>
> (A)(i) over a class action in which—
>
>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>
>> (II) at least 1 defendant is a defendant—
>> (aa) from whom significant relief is sought by members of the plaintiff class;
>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>> (cc) who is a citizen of the State in which the action was originally filed; and
>>
>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
>
> (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4). Where one of these exceptions applies, the Court must remand the matter to State court.

Under the removal statute, any civil action in which the district court would have original jurisdiction, may be removed from the State court where it was initially brought to the district court. 28 U.S.C. § 1441(a). However, the removal statute "is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "This policy 'has always been rigorously enforced by the courts.'" *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Thus, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

    **b.    Analysis**

Here, Plaintiffs' argue that this matter should be remanded to the Superior Court of New Jersey, Middlesex County, because the "local controversy" exception to CAFA applies and therefore, this Court is without jurisdiction. Alternatively, Plaintiffs' allege that ABC Financial failed to demonstrate to a legal certainty that diversity jurisdiction exists under CAFA and therefore, to the extent the "local controversy" exception does not apply, the matter should still be remanded. ABC Financial opposes these contentions, and the parties dispute the applicability of the "local controversy" exception in two (2) regards: (1) whether Plaintiffs' met their burden to

demonstrate that two-thirds of all proposed class members are citizens of New Jersey; and (2) whether a suit filed by the Plaintiffs' in Superior Court of New Jersey, Essex County, within the previous three (3) years qualifies as a "prior class action" thereby disqualifying the exception.

The Court has considered the parties' arguments, but finds that the analysis need not go that far.  Rather, even assuming Defendants' have established that this Court has jurisdiction under CAFA, the "home state" exception applies to the matter and therefore, it must be remanded.  As stated above, the "home state exception requires a federal court to decline to exercise subject matter jurisdiction in CAFA class actions where 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'"  *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (*quoting* 28 U.S.C. § 1332(d)(4)(B)).  Thus, "[a] party seeking to invoke this exception must therefore: (1) establish that the citizenship of the members of two-thirds or more of the putative class is the state in which the action was originally filed; (2) establish the citizenship of the defendants; (3) identify the primary defendants; and (4) demonstrate that two-thirds or more of the members of the putative class are citizens of the same state as the primary defendants."  *Id*. (citing *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 514-15 (E.D. Pa. 2007)).

First, Plaintiffs' have established that at least two-thirds of the putative class are residents of New Jersey.  The Third Circuit has held that "[m]embers of the putative class who are natural persons are deemed citizens of the state in which they are domiciled, which is typically the state where the person lives."  *Vodenichar*, 733 F.3d at 504 (*citing Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)).  The parties concede that at least two-thirds of the members of the four (4) named franchisees are residents of New Jersey; however, Defendant ABC Financial asserts that the two-thirds showing

7

must be directed to all proposed plaintiff classes in the aggregate, and because Plaintiffs have not demonstrated the residency of the members of all sixty (60) proposed class action franchisees, Plaintiffs have failed to meet this burden. Given that the remaining fifty-six (56) franchisees are only potential Defendants' in this matter, and "[b]ecause these exceptions are examined to determine whether a federal court has subject matter jurisdiction, 'our inquiry is limited to examining the case as of the time it was filed in state court.'" *Id.*, at 510, n.1 (*quoting Std. Fire Ins. Co. v. Knowles*, – U.S. –, 133 S.Ct. 1345, 1349, 185 L.Ed.2d 439 (2013)). Accordingly, because Plaintiffs' have demonstrated that two-thirds of the members of the named Defendant franchisees are residents of New Jersey, this first element is satisfied.

Next, Plaintiffs' have demonstrated that all of the Defendants in this matter are citizens of New Jersey, with the exception of ABC Financial, who is a citizen of Arkansas. Compl., at ¶¶ 16-17.[3] However, in considering the second element, the citizenship of ABC Financial is not relevant for purposes of the home state exception because the record demonstrates that ABC Financial is not a primary Defendant. Specifically, ABC Financial's motion to dismiss contains six (6) pages dedicated solely to the argument that ABC Financial is not a party to any membership agreements between the Plaintiffs and Defendants. "[C]ourts tasked with determining whether a defendant is a 'primary defendant' under CAFA should assume liability will be found and determine whether the defendant is the 'real target' of the plaintiffs' accusations. In doing so, they should also determine if the plaintiffs seek to hold the defendant responsible for its own actions, as opposed to seeking to have it pay for the actions of others. Also, courts should ask whether, given the claims asserted against the defendant, it has potential exposure to a significant portion of the class and would sustain a substantial loss as compared to other defendants if found liable." *Id.* at 505-06.

---

[3] Plaintiffs' Complaint is mis-numbered. However, for purposes of clarity, it lists the parties' addresses at paragraphs 16, 17, 13, 14, 15, 16, and 17.

ABC Financial specifically states in its motion to dismiss that:

> At most, and to the extent the Defendant Franchisees were, in fact, required by the terms of their franchise agreements to utilize membership agreement forms drafted by ABC Financial, then perhaps the franchisees may have some potential claim against ABC Financial for common law <u>indemnification</u> if they incur legal liability from their use of those membership agreements. Alternatively, depending upon the actual terms of those parties' dealings, the Defendant Franchisees may not have such a claim. However, in either event, such allegations can give rise to no actionable claim by any of the Plaintiffs against ABC Financial. . . . The most that can be said of ABC Financial's relation to the Defendant Franchisees is that it served as a <u>third-party</u> billing administrator. . . . [T]his lack of contractual privity – and the absence of any possible consumer or other transactional relationship between ABC Financial and any of the Plaintiffs – renders such claims facially and fatally defective.

[docket #10, p. 28-29 (emphasis supplied)]. Here, ABC Financial cannot argue on the one hand in its motion to dismiss that, at most, the only possible claims against it stem from a third-party relationship to the Defendant franchisees which may later result in an indemnity claim; and on the other hand, be considered a primary Defendant in this matter for purposes of applying the home state exception. Instead, in applying the principles set forth by the Third Circuit in *Vodenichar*, ABC Financial's motion to dismiss demonstrates to this Court that it is not a primary Defendant.

The last element of the home state exception requires this Court to determine whether "two-thirds or more of the members of the putative class are citizens of the same state as the primary defendants." *Id*. at 503. As set forth above, at least two-thirds of the members of the putative class are citizens of New Jersey, and every named Defendant in this matter – except for ABC Financial – are citizens of New Jersey. Given that the Court has concluded that ABC Financial is not a primary Defendant, it is axiomatic that this element is satisfied because all remaining parties' are New Jersey residents. Accordingly, the home state exception applies and this matter must be remanded to State court.

### III. CONCLUSION

For the foregoing reasons, this Court GRANTS Plaintiffs' motion to remand [docket #13]; and denies all Defendants' motions to dismiss [docket #8, 9, 10], without prejudice, as they are now moot. An appropriate Order accompanies this Opinion.

Date: December 18, 2014

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge